UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISLEINE ESTELHOMME,

   Plaintiff,

v.

NATIONWIDE CREDIT, INC.,

   Defendant.

Case No. 1:20-cv-03747

## COMPLAINT

**NOW COMES** Plaintiff, ISLEINE ESTELHOMME, through undersigned counsel, complaining of Defendant, NATIONWIDE CREDIT, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4. ISLEINE ESTELHOMME ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 7743 Ventura Canyon Avenue, Apartment 16, Panorama City, California 91402.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONWIDE CREDIT, INC., ("Defendant") is a corporation organized and existing under the laws of the state of Georgia.

7. Defendant maintains a principal place of business at 150 North Field Drive, Suite 200, Lake Forest, Illinois 60045.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a credit card with JPMorgan Chase Bank, N.A.

11. Upon approval, JPMorgan Chase Bank, N.A. mailed Plaintiff a credit card.

12. Plaintiff activated this card, and began using her card for personal and household purposes.

13. Plaintiff initially made payments to JPMorgan Chase Bank, N.A.; however, the payments stopped and Plaintiff's account fell into default.

14. Plaintiff's account balance is a "debt" as defined by 15 U.S.C. § 1692a(6)

15. Defendant mailed Plaintiff a letter, dated April 4, 2020 (the "Letter"), which stated:

> Original Creditor: JPMORGAN CHASE BANK, N.A.
> Account Number: XXXXXXXXXXXX8150
> Account Balance: $1,195.17
> Date: 04/04/2020

Your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. ("NCI") for collection. The Account Balance is shown above.

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

This demand for payment does not eliminate your right to dispute this debt or inquire for more information about this debt, as described in the previous paragraphs.

We look forward to assisting you in resolving this account.

>       Sincerely,
>       Nationwide Credit, Inc.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter *did not* say whether JPMorgan Chase Bank, N.A. still owned the account in question or instead had sold the debt to another entity.

18. The Letter did say that Plaintiff's outstanding balance has been referred to Defendant for collection.

19. Farther down, the Letter did say that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

20. This sentence raised the possibility that the debt could have been resold, but the Letter did not clarify who actually owned the debt.

21. The Letter did say that Plaintiff should pay Defendant rather than anyone else, which a recipient could reasonably understand as implying that Defendant itself was then the creditor.

22. The only addresses contained in the Letter was the P.O. box of Defendant in Delaware.

23. Finally, a postscript stated: "This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose."

## DAMAGES

24. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

25. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

26. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

27. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

28. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

29. Although the Letter identifies JPMorgan Chase Bank, N.A. as the original creditor, the Letter fails to identify Plaintiff's current creditor.

30. Plaintiff was left unsure as to (and could not deduce from reading the Letter) what creditor Defendant was attempting to collect for.

31. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) **the name of the creditor to whom the debt is owed**;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. The FDCPA requires the collector of a consumer debt to send the consumer a written notice containing, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2).

5

35. Regardless of who then owned the debt, the question under the statute is whether the Letter identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

36. "[The Seventh Circuit] has long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by sophisticated debtors." *Steffek v. Client Servs.*, 948 F.3d 761, 764 (7th Cir. 2020).

37. This implied requirement of clarity extends to identification of the current creditor under § 1692g(a)(2). The mere presence of the correct name in the notice somewhere does not suffice. *See Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 381 (7th Cir. 2019) (explaining the § 1692g(a)(2) "requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand"); *Janetos*, 825 F.3d 321 ("When § 1692g(a) requires that a communication requires certain information, compliance demands more than simply including that information in some unintelligible form.")

38. The Letter simply did not identify JPMorgan Chase Bank, N.A. as the current creditor to whom the debt was owed; therefore violating 15 U.S.C. § 1692g(a)(2), which required Defendant to identify the current creditor clearly, without leaving the matter to guesswork.

39. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

       (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. § 1692g(a)(2);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 25, 2020            Respectfully submitted,

**ISLEINE ESTELHOMME**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com